2026 IL App (2d) 250455-U
No. 2-25-0455
Order filed January 16, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. SEAN SCHIPPER, Defendant-Appellant.

Appeal from the Circuit Court of McHenry County.
Honorable Mark Gerhardt, Judge, Presiding.
No. 25-CF-162

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's decision to continue to detain defendant was not erroneous.

¶ 2    On August 5, 2025, the trial court determined that the continued detention of defendant, Sean Schipper, was necessary to avoid a real and present threat to the safety of any person or persons in the community.  Defendant appeals.  We affirm.

¶ 3                                      I. BACKGROUND

¶ 4    Defendant was arrested on March 1, 2025, and charged by complaint with nine counts of the manufacture, delivery, possession, and the bringing into a penal institution illegal drugs.  On that same day, the State filed a petition for defendant's pretrial detention.  The charges arose after defendant was pulled over for speeding and driving erratically.  Officers searched his car and

discovered a variety of controlled substances in the car. Upon arriving at the jail for processing, police discovered that defendant had additional drugs and paraphernalia on his person. The drugs recovered from defendant and his car were 145 grams of methamphetamine, 12.3 grams of cocaine/crack, and 15 grams of fentanyl.

¶ 5 Based on the above allegations, the State argued at the detention hearing that the proof was evident, or the presumption great, that defendant had committed the charged offenses. The State accentuated that some of the drugs recovered from defendant were packaged for sale. The State noted that a lethal dose of fentanyl is .002 grams. As such, the State alleged that defendant's possession of 15 grams of fentanyl was enough to kill at least 7,500 people. The State asserted that the allegations demonstrated that defendant posed a clear and present threat to the community. Further, the State argued that home confinement could not prevent defendant from distributing those lethal drugs. Following a hearing, the trial court ordered defendant be detained.

¶ 6 On July 15, 2025, defendant renewed his motion for pretrial release. On August 5, 2025, following a hearing, the trial court denied that motion. The trial court explained that it was not its role to reconsider whether the trial court's original detention order on March 1, 2025, was proper. Additionally, the trial court noted that defendant had presented evidence that he was the owner of a toy company in Crystal Lake. One of defendant's employees testified that she was willing to ensure that defendant would comply with the terms of his release. The trial court found that having defendant's employee monitor him as a condition of release would be "absolutely absurd." The court expounded that it was not:

> "going to let a person whose income and livelihood he controls independently monitor him outside of court services. I don't believe the legislature contemplated that in any way, nor did they provide for that in the statute to privatize court supervision somehow."

The trial court then specifically found that:

"[T]he continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case or to prevent the defendant's willful flight from prosecution."

¶ 7　On October 2, 2025, defendant filed a motion for relief. On October 3, 2025, the trial court denied that motion. Defendant thereafter filed a timely notice of appeal.

¶ 8　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 9　On appeal, defendant stands on his motion for relief. There, he raised two issues: (1) the trial court's original detention order was erroneous and (2) he presented substantial new evidence that there were conditions that could mitigate his threat to society if he were released.

¶ 10　Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e).

¶ 11　After the trial court orders pretrial detention, section 110-6.1(i-5) of the Code provides that:

"[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5).

¶ 12    Thus, at each subsequent appearance or hearing, a court ordering continued pretrial detention must make certain findings based on specific, articulable facts, just as at an initial detention hearing. *People v. Harris*, 2024 IL App (2d) 240070, ¶ 37. However, subsequent determinations are not subject to every statutory requirement that applies to initial detention hearings. *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13 ("the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing").

¶ 13    Therefore, we do not consider the propriety of the findings at the initial hearing. *Id.* Rather, we review only the trial court's subsequent determination that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* In reviewing the trial court's determination on continued detention, we note that some courts have applied an abuse of discretion standard (*Id.* ¶¶ 11-13) while others have applied a *de novo* standard (*People v. Brito*, 2025 IL App (1st) 242601-U). We need not resolve which is the appropriate standard of review, however, because under either standard the trial court's decision to continue to detain defendant was not erroneous.

¶ 14    As noted above, defendant first argues that the trial court's original detention order was improper. However, that argument is not properly before us since it was not timely raised. *Casey*, 2024 IL App (3d) 230568, ¶ 13 ("As defendant did not appeal from the court's granting of the State's petition for denial of pretrial release, the questions relating to whether the State proved each of the three propositions by clear and convincing evidence during that initial hearing are not before us"). As to his second contention—that he presented evidence that he could be released into the supervised custody of one of his employees—we agree with the trial court that such private

supervision is not a statutorily recognized basis for release. We note that such a situation is subject to an inherent conflict of interest as an employee—who is dependent on her income from her employer—could not be reasonably expected to exercise such authority over her employer and prevent him from doing things that he wants to do. As such, the record supports the trial court's determination that defendant's continued detention was necessary to protect others. Accordingly, there is no basis to disturb the trial court's decision.

¶ 15                                    III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 17    Affirmed.